# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BOND SAFEGUARD INSURANCE COMPANY,**

     **Plaintiff,**

-vs-                 Case No. 6:09-cv-1504-Orl-31GJK

**DIANE ELIZABETH WARD, JAMES ROBERT WARD, THE SARAH CAITLIN WARD IRREVOCABLE TRUST, THE MALLORY ELIZABETH WARD TRUST,**

     **Defendants.**

## ORDER

 This matter comes before the Court on the Motion to Dismiss or Transfer (Doc. 22) filed by Defendant James Robert Ward ("Ward") and the response (Doc. 24) filed by the Plaintiff, Bond Safeguard Insurance Company ("Bond Safeguard").

 Ward is a real estate developer. Bond Safeguard issued construction bonds on behalf of a number of companies associated with Ward, and which subsequently filed for bankruptcy protection. Earlier this year, Bond Safeguard sued Ward and his wife to recover allegedly fraudulent transfers that left some of those companies unable to complete the construction projects secured by bonds. In response to a motion by the Chapter 7 Trustee for a number of those companies, this Court found that the fraudulent transfer actions were property of the respective companies' bankruptcy estates and should therefore be transferred to Bankruptcy Court.

In the instant suit, Bond Safeguard contends that Ward, individually, agreed to indemnify the company if it had to pay any of the construction bonds. (Doc. 1 at 3). The complaint further alleges that he has failed to do so, thereby breaching the indemnity agreement, and that he fraudulently transferred personal assets to other family members or their trusts so as to shield the assets from Bond Safeguard's collection efforts. Bond Safeguard seeks indemnification pursuant to the indemnity agreement (Count I), quia timet/exoneration in regard to the construction bond obligations (Count II); judgments and/or equitable liens against various defendants in regard to assets fraudulently transferred from Ward (Count III, Count IV); and a judgment against Ward himself for tortiously interfering with the contracts or business relationships between Bond Safeguard and some of the companies on whose behalf it issued construction bonds (Count V).

Ward makes a number of arguments as to why this case should be dismissed or transferred to Bankruptcy Court, none of them meritorious. Ward complains that this is Bond Safeguard's sixth suit against him, and that the others have been transferred or dismissed. However, like this Court's transfer of the earlier case to Bankruptcy Court, those transfers or dismissals reflected jurisdictional concerns (such as a lack of personal jurisdiction over the Wards in North Carolina in Georgia, the sites of two earlier filings by Bond Safeguard) rather than a decision on the merits. Ward argues that the instant case is simply a rehashing of the fraudulent transfer allegations now pending in the Bankruptcy Court, but he is incorrect. The fraudulent transfer claims in the first case involved transfers from Ward's companies to Ward, while those in this case involve transfers from Ward to others.

Ward also seeks to have this matter transferred to the Bankruptcy Court. He contends that Bond Safeguard has "submitted itself to the jurisdiction of the Orlando Bankruptcy Court" by

agreeing to allow that court to resolve certain disputes between itself and the Chapter 7 Trustee. Whatever effect that agreement might have in regard to claims Bond Safeguard might have against entities that have filed for bankruptcy protection, it does not serve as a basis for submitting to Bankruptcy Court any disputes between Bond Safeguard and Ward – who, it should be noted, has not filed a bankruptcy petition.

Ward next argues that his companies are indispensable parties to this litigation, specifically in regard to the fraudulent transfer allegations. This argument is based on the same mistaken contention – *i.e.*, that the instant suit seeks to recover fraudulent transfers from those companies to Ward rather than, as is actually the case, transfers from Ward to his family members or their trusts. Ward has not shown that Bond Safeguard has failed to join any alleged source or recipient of the fraudulently transferred funds at issue in this case.

Ward also argues that Bond Safeguard's fraudulent transfer allegations must fail because they do not comply with the pleading requirements of Rule 8(a)(2) and Rule 9(b). However, the allegations are sufficiently specific to meet the requirements of Rule 8. And Rule 9(b)'s heightened pleading requirement applies to fraud claims, not fraudulent transfer claims. *See*, *e.g.*, *Pearlman v. Alexis*, 2009 WL 3161830 (S.D.Fla. Sept. 25, 2009) (citing cases).

Finally, Ward argues that Bond Safeguard has failed to state a claim as to Counts II and V. Ward's argument as to Count II relies on (alleged) facts that are outside of the complaint, such as arguments made by Bond Safeguard in other cases. At this stage of the proceedings, that argument must fail. As for the tortious interference claim set forth in Count V, Ward argues it was transferred to the Bankruptcy Court in the previous case before the undersigned. However, in the instant case, Bond Safeguard contends that Ward interfered with contracts between itself and a

-3-

group of companies it calls the "Bond Principles" [*sic*] – companies that were subsidiaries of Land Resource, LLC ("Land Resource") and on whose behalf the Plaintiff had issued construction bonds – by transferring funds from Land Resource and other companies. The claim that was transferred to Bankruptcy Court asserted interference in regard to Land Resource, only. Count V differs from that claim.

Ward also argues that he cannot be found to have tortiously interfered, because he signed the indemnity agreement and is CEO of Land Resource. Under both Florida and Georgia law, a party cannot be found to have tortiously interfered with a contract or a business relationship unless he or she is a stranger to it. In this case, however, Bond Safeguard is not alleging that Ward interfered with the indemnity agreement or with its relationship with Land Resource. Therefore his signature on the indemnity agreement and his relationship with Land Resource are not relevant. It may turn out that Ward was not a stranger to any of the contracts or business relationships involving Bond Safeguard and the so-called "Bond Principles." However, no such showing has yet been made here.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss or Transfer (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party