# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BOND SAFEGUARD INSURANCE COMPANY,**

           **Plaintiff,**

-vs-                                                Case No. 6:09-cv-1504-Orl-31GJK

**JAMES ROBERT WARD, THE SARAH CAITLIN WARD IRREVOCABLE TRUST, THE MALLORY ELIZABETH WARD TRUST, SARAH CAITLIN WARD and MALLORY ELIZABETH WARD AS personal representatives of the Estate of Diane Elizabeth Ward**

           **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 58) filed by the Defendants and the response (Doc. 68) filed by the Plaintiff, Bond Safeguard Insurance Company ("Bond Safeguard"). According to the allegations of the Complaint (Doc. 1), Bond Safeguard issued construction bonds to a number of companies controlled by Defendant James Robert Ward ("Ward"), who agreed to indemnify Bond Safeguard if it had to make payments under the bonds. A number of the companies have defaulted on their projects, and Bond Safeguard alleges in the Complaint that it has been required to make several payments as a result: approximately $500,000 to Brunswick County, North Carolina in connection with a bond issued to LR Riversea, LLC, and approximately $6.4 million to Emerson Properties, LLC in connection with a bond issued to Villages of Norris Lake, LLC.

The Defendants assert that Bond Safeguard lacks standing (and therefore this Court lacks subject matter jurisdiction) as to several "claims" because the company has not actually made payments under some of the bonds discussed in the Complaint. The Defendants' position is ludicrous. The Complaint contains a single claim for indemnification from Ward. Bond Safeguard has alleged, and the Defendants do not deny, that the company has paid out millions of dollars under the bonds. Bond Safeguard has also alleged, and the Defendants also do not deny, that Ward has refused to indemnify Bond Safeguard as to these amounts. As a result, Bond Safeguard *obviously* has suffered an injury in fact and possesses standing to pursue an indemnification claim against Ward.

The Court notes that the instant motion was filed the same day, and by the same parties, as an equally meritless motion for more definite statement (Doc. 57). The Defendants – and more particularly, their counsel – are warned that continued efforts to bog down this case by way of frivolous motions will result in Rule 11 sanctions.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 58) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 14, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party