# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BOND SAFEGUARD INSURANCE COMPANY,**

                **Plaintiff,**

**-vs-**                                         **Case No.  6:09-cv-1504-Orl-31GJK**

**JAMES ROBERT WARD, THE SARAH CAITLIN WARD IRREVOCABLE TRUST,  THE MALLORY ELIZABETH WARD TRUST, SARAH CAITLIN WARD and MALLORY ELIZABETH WARD AS personal representatives of the Estate of Diane Elizabeth Ward**

                **Defendants.**

_____

# ORDER

This matter comes before the Court pursuant to the parties' partial settlement on the eve of trial.

The Complaint (Doc. 1) filed by Bond Safeguard Insurance Company ("Bond Safeguard") on September 1, 2009 asserted five claims: indemnification under the General Agreement of Indemnity against Defendant James Robert Ward ("Ward") for payments it had made on construction bonds issued for the benefit of Ward's companies (Count One); quia timet/exoneration against Ward (Count Two); fraudulent transfers against all the Defendants (Count Three); equitable lien against all of the Defendants except Ward (Count Four); and tortious interference against Ward (Count Five).  In Count One, Bond Safeguard sought indemnification

from Ward for payments it had made prior to filing the Complaint and payments that it expected to have to make in the future.  (Doc. 1 at 9-10).

On November 10, 2010, this Court found that Bond Safeguard was entitled to indemnification from Ward for the approximately $7.5 million it had paid out in connection with bonds on the Riversea Plantation and Norris Lake projects.  (Doc. 108 at 10).  At the final pretrial conference held on February 22, 2011, the parties discussed how to address the remainder of this case: Counts Two through Five and the portion of Count One that sought indemnification for payments Bond Safeguard had not yet made when it filed this case.  On that date, Bond Safeguard informed the Court for the first time that there had been "additional amounts that have been liquidated on certain bonds with respect to the Jekyll Island project" and that the company was seeking "final liquidation of those amounts in the amount of $8,550,000.00."  The Defendants objected, arguing that although they had learned of the payment during a 30(b)(6) deposition of a Bond Safeguard representative in June 2010, they had not had received sufficient discovery regarding such payments.

The Court ordered Bond Safeguard to "confirm to [the Defendants] the exact amount of the payment, with documentary proof of that within the next . . . well, by this Friday.  And assuming they do that, then we can try that claim, but I don't know what there is to try."  After further discussion regarding the possibility of litigating the reasonableness of the sum paid, the Court stated, "Well, with that caveat, then, we'll try that claim as to Mr. Ward.  That's the $8,550,000 claim."  The Court also informed the parties that any claims relevant to bond payments that Bond Safeguard expected to have in the future would be bifurcated for trial at a later date, and that most of the upcoming trial would involve the alleged fraudulent transfers.

The trial was set to begin today.  This morning, the parties announced that they had reached a settlement and no trial was needed.   Upon entering the courtroom, the undersigned was informed that the fraudulent transfer and tortious interference claims had been settled but not, in fact, everything.  Rather, Bond Safeguard had decided that it wanted to try the $8.5 million Jekyll Island claim at some later date because another party[1] was needed to adjudicate it.

That is not how the system works.  The issue was set for trial today, and Bond Safeguard was not ready to go to trial on it.  Accordingly, the Court will dismiss with prejudice that portion of Count One in which Bond Safeguard sought indemnification in regard to the Jekyll Island claim.  In addition, as announced in open court, today's jury costs will be assessed against Bond Safeguard.

In consideration of the forgoing, it is hereby

**ORDERED** that that portion of Count One in which Bond Safeguard sought indemnification in regard to the Jekyll Island project is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the parties shall inform the Court by written response filed on or before March 28, 2011, as to any remaining claims in this case, their amounts, and when they may be tried.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 14, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1]The parties represented to the Court that the actual $8.5 million payment was made by an affiliate of Bond Safeguard rather than the company itself.