**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOND SAFEGUARD INSURANCE COMPANY,**

            **Plaintiff,**

-vs-                                                        **Case No. 6:09-cv-1504-Orl-31GJK**

**JAMES ROBERT WARD, THE SARAH CAITLIN WARD IRREVOCABLE TRUST, THE MALLORY ELIZABETH WARD TRUST, SARAH CAITLIN WARD and MALLORY ELIZABETH WARD AS personal representatives of the Estate of Diane Elizabeth Ward**

            **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Voluntary Dismissal (Doc. 193) filed by the Plaintiff, Bond Safeguard Insurance Company ("Bond Safeguard"), the response (Doc. 194) filed by Defendant James Robert Ward ("Ward"), and the reply (Doc. 198) filed by Bond Safeguard. Bond Safeguard seeks to voluntarily dismiss those claims still at issue in this case and to have final judgment entered as to those claims that have been resolved.

Bond Safeguard agreed to issue construction bonds on behalf of companies owned or controlled by Ward. In exchange for Bond Safeguard's agreement to issue those bonds, Ward agreed to indemnify Bond Safeguard for any losses it suffered in connection with the bonds. Ward's companies subsequently ran into financial difficulties and were unable to complete a

number of projects for which Bond Safeguard had issued bonds. In August, 2008, Brunswick County, North Carolina called the bond covering a development called "Riversea Plantation." That same month, Campbell County, Tennessee called the bonds covering a development known as "The Villages at Norris Lake" (henceforth, "Norris Lake"). Subsequently, Bond Safeguard paid $542,371.94 on the Riversea Plantation bond, and paid $7,000,000 to settle claims against the Norris Lake bonds. As of the date of this order, there are still some bonds covered by the indemnity agreement which Bond Safeguard on which Bond Safeguard expects to have to make payments.

As set forth in the original complaint (Doc. 1), Bond Safeguard asserted claims for breach of the indemnity agreement (Count I); quia timet/exoneration (Count II); fraudulent transfer (Count III); equitable lien (Count IV); and tortious interference (Count V). The parties reached a settlement in regard to Count III, Count IV, and Count V. On November 10, 2010, this Court entered an order fixing Ward's liability under the indemnity agreement at $7,542,371.94 for the payments made by Bond Safeguard on the Riversea Plantation and Norris Lake bonds. (Doc. 108). Subsequently, the Court dismissed with prejudice Bond Safeguard's indemnification claim having to do with bonds on what was known as the "Jekyll Island project." However, this dismissal did not dispose of all of the remaining indemnification claims in Count I. In addition, Bond Safeguard's claims under Count II have not been resolved.

Bond Safeguard now seeks dismissal without prejudice of its remaining claims pursuant to Rule 41(a) and entry of final judgment as to the claims that have been resolved. Ward complains that this request is (1) technically deficient, in that Rule 41(a) speak of dismissing "actions," rather than parts of actions, (2) may preclude him from being able to appeal the judgment entered in

favor of Bond Safeguard as to the indemnification claims; and (3) is improper, in that Bond Safeguard is really seeking the entry of judgment under Rule 54(b) but cannot meet the requirements for such a judgment.

Ward offers no case citations in support of his contention that Rule 41(a) only permits voluntary dismissal of an entire action, and the Court's research has not uncovered any. To the contrary, the Court's research indicates that Rule 41 is often employed to accomplish voluntary dismissal of part but not all of a case. *See, e.g.*, *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1265 (11th Cir. 1999) (describing how plaintiff filed stipulation under Rule 41 to dismiss without prejudice claims against one defendant, after which court granted summary judgment in favor of other defendant).

As for Ward's second point, it is true that there is a line of cases holding that, in certain circumstances, a plaintiff's voluntary dismissal of some claims may preclude appellate jurisdiction over an order disposing of the remaining claims on the grounds that the order being appealed is not truly "final". *See, e.g.*, *Ryan v. Occidental Petroleum Corporation*, 577 F.2d 298 (5th Cir. 1978) (holding that appellate court lacked jurisdiction over appeal of district court order dismissing some of plaintiff's claims with prejudice where plaintiff had voluntarily dismissed remaining claims without prejudice).[1] However, the *Ryan* line of cases is grounded in a prohibition against manufacturing appellate jurisdiction over non-final orders. The United States Court of Appeals for the Eleventh Circuit has explained that *Ryan* and its progeny "apply only when a plaintiff

---

[1]All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

voluntarily dismisses its remaining claims without prejudice after a *nonfinal adverse district court order* has been entered." *Schoenfeld*, 168 F.3d at 1266 (emphasis added).  In such circumstances, the *Schoenfeld* court stated, the district court would have the discretion to certify its nonfinal adverse order as immediately appealable pursuant to Rule 54(b) – and the court's failure to make this certification would raise a presumption that the plaintiff's voluntary dismissal "was an improper attempt to manufacture jurisdiction for an immediate appeal." *Id.*

In *Schoenfeld*, the plaintiff dismissed his claim against one defendant *before* the court entered an order granting summary judgment in favor of the other defendant.  *Id.*  Despite the voluntary dismissal, the appellate court found that the order granting summary judgment against the plaintiff was "final," and therefore the court possessed jurisdiction over the plaintiff's appeal. In the instant case, Bond Safeguard seeks to have its remaining claims voluntarily dismissed before the entry of summary judgment, which takes it outside the *Ryan* line of cases.  (Moreover, it appears that Ward, rather than Bond Safeguard, would appeal the subsequent order, further demonstrating that Bond Safeguard's voluntary dismissal was not done for the prohibited purpose of manufacturing appellate jurisdiction.)  In addition, to the extent such a determination might be necessary, the Court concludes pursuant to Rule 54(b) that once the unripe indemnification claims have been dismissed, there is no just reason to delay the entry of judgment as the indemnification claims that have been resolved.[2]

In consideration of the foregoing, it is hereby

---

[2] Ward seeks to have Bond Safeguard's voluntary dismissal conditioned on payment of his fees and costs incurred in defending the dismissed claims.  Ward has not made any showing of prejudice resulting from his having to defend those claims along with the claims that have been resolved; accordingly, the Court denies Ward's request.

**ORDERED** that the Motion for Voluntary Dismissal (Doc. 193) is **GRANTED.** The unresolved claims under Count I (as to the Grey Rock, Cumberland Harbor, and Stillwater Cove bonds) and the quia timet/exoneration claims under Count II are **DISMISSED WITHOUT PREJUDICE.** In accordance with Rule 54(b), the Clerk is **DIRECTED** to enter final judgment in favor of Bond Safeguard Insurance Company and against James Robert Ward in the amount of $7,542,371.94, in accordance with this Court's order of November 10, 2010 (Doc. 108). The Clerk is also **DIRECTED** to close the file. The Plaintiff's application for attorney's fees shall be filed on or before May 24, 2011; the Defendant's response shall be filed on or before June 3, 2011.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 10, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party