UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOND SAFEGUARD INSURANCE COMPANY,

      Plaintiff,

-vs-                                                  Case No. 6:09-cv-1504-Orl-31GJK

JAMES ROBERT WARD, THE SARAH CAITLIN WARD IRREVOCABLE TRUST, THE MALLORY ELIZABETH WARD TRUST, SARAH CAITLIN WARD and MALLORY ELIZABETH WARD AS personal representatives of the Estate of Diane Elizabeth Ward

      Defendants.
_____

# ORDER

This matter comes before the Court on the Motion for Preliminary Injunction (Doc. 238) filed by the Plaintiff, Bond Safeguard Insurance Company ("Bond Safeguard"), the responses in opposition filed by the Defendants (Doc. 240) and by non-party Leigh Meininger ("Meininger").

## I.    Background

Meininger is the Chapter 7 Trustee in the bankruptcy proceedings involving the construction companies formerly controlled by Defendant James Robert Ward ("Ward"). Bond Safeguard is a creditor in those proceedings and a creditor of Defendant Ward. In the bankruptcy case, Meininger is seeking court approval of a settlement of claims held by those construction companies against the Defendants in this case. If approved, that settlement would include the entry of a channeling injunction and a bar order that would, *inter alia*, prevent Bond Safeguard

from attempting to collect on the summary judgment entered against Ward in this case and from enforcing the settlement it reached in this case with the other Defendants. Bond Safeguard seeks an injunction that would prevent Meininger from obtaining approval of the settlement approval from the Bankruptcy Court.

The requested injunction suffers from numerous shortcomings; the Court will address the most obvious ones. Initially, Bond Safeguard suggests that it is proceeding pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which permits a court to issue injunctions to protect or effectuate their judgments. Bond Safeguard implies that Meininger's action would nullify either (1) this Court's previous rulings that Meininger could not intervene in this case or (2) the summary judgment entered against Defendant Ward. But no matter what the Bankruptcy Court decides, Meininger is still not a party to this matter. And while it is not entirely clear from the record what effect the Bankruptcy Court's decision might have regarding the summary judgment against Ward, it appears that, at most, it will affect the assets against which Bond Safeguard (and other creditors) might proceed – something markedly different than undermining this Court's order. Moreover, if Bond Safeguard is unhappy with the Bankruptcy Court's ultimate decision on this score, it has the right to appeal, to this very Court – which obviously has a great interest in defending the efficacy of its judgments.

Turning from the All Writs Act to a traditional injunction, Bond Safeguard has failed to make its case on the merits for an injunction. A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and

(4) if issued, the injunction would not be adverse to the public interest. *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir.2000) (*en banc*) (*per curiam*). In the instant motion, Bond Safeguard notes that it has objected to Meininger's proposed settlement and asserts that it is likely to prevail as to that objection before the Bankruptcy Court. (Doc. 238 at 15-16). Assuming this to be correct, Bond Safeguard cannot plausibly argue that it will suffer irreparable injury if the injunction does not issue. In addition, the fact that the settlement would have to be approved by the Bankruptcy Court (and, on appeal, by this Court) clearly demonstrates that Bond Safeguard has an adequate remedy at law; accordingly, an injunction precluding seeking approval of the settlement would not be appropriate.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Preliminary Injunction (Doc. 238) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 6, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party